UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.                                              No. 01-4631

WILLIAM C. JONES, JR.,
           *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
James P. Jones, District Judge.
(CR-00-106)

Submitted: May 14, 2002

Decided: June 10, 2002

Before MICHAEL, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Barry L. Proctor, PROCTOR & DOYLE, Abingdon, Virginia, for Appellant. John L. Brownlee, United States Attorney, Eric M. Hurt, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

William C. Jones, Jr., appeals his conviction and sentence for possession of an unregistered pipe bomb, in violation of 26 U.S.C. § 5861(d) (1994), and unlawfully manufacturing a pipe bomb, in violation of 26 U.S.C. § 5822(f) (1994). After trial and conviction, the district court sentenced Jones to seventy-one months incarceration, three years of supervised release, and a $200 fine. Jones timely appealed.

First, Jones argues the evidence was insufficient to sustain his convictions. A challenge to the sufficiency of the evidence is reviewed to determine whether, viewing the evidence in the light most favorable to the Government, substantial evidence exists to support a verdict. If it is, the verdict must be sustained. *Glasser v. United States*, 315 U.S. 60, 80 (1942). Government witnesses testified to facts establishing Jones manufactured pipe bombs and placed them on his father in law's farm, and their credibility is not subject to appellate review. *United States v. Saunders*, 886 F.2d 56, 60 (4th Cir. 1989). Viewing the evidence in the light most favorable to the Government, Jones has not established the evidence was insufficient to sustain his convictions.

Second, Jones argues he was erroneously sentenced under *U.S. Sentencing Guidelines Manual* § 2K2.1 (2000). He asserts his sentence resulted from impermissible double counting, because his base offense level was calculated under USSG § 2K2.1(a)(5), which applies to defendants who use a destructive device, USSG § 2K2.1(a), comment. (n.3), and because Jones additionally received a two point enhancement for using a destructive device, in accordance with USSG § 2K2.1(b)(3). We review a sentencing court's factual determinations for clear error, and its legal interpretation of the guidelines de novo. *United States v. Bartley*, 230 F.3d 667, 669 (4th Cir. 2000). Jones' challenge fails because the guideline's commentary expressly establishes the enhancement is warranted. USSG § 2K2.1, comment. (n.11); *Stinson v. United States*, 508 U.S. 36, 38 (1993); *United States v. Rohwedder*, 243 F.3d 423, 426-27 (8th Cir. 2001).

Accordingly, we affirm Jones' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

*AFFIRMED*